IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2002

## STATE OF TENNESSEE v. DANIAL R. WILLCUTT

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8023     C. Creed McGinley, Judge**

---

**No. W2001-02743-CCA-R3-CD  - Filed November 22, 2002**

---

JOE G. RILEY, J., concurring.

I write separately to express my concern over the continuing problem we see in appellate records where the record fails to explain witness demonstrations. Nevertheless, I find the evidence in this case sufficient to support the verdict regardless of this shortcoming. Thus, I do not reach the issue of which party has the burden of proof with regard to witness demonstrations.

This court has reached conflicting conclusions as to which party bears the burden of ensuring that witness demonstrations are adequately explained in the record. *Compare* State v. Nicholas Williams, No. M1999-00780-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 491, at *21 (Tenn. Crim. App. July 3, 2001, at Nashville), *perm. to app. denied* (Tenn. Dec. 12, 2001) (placing burden on state), *with* State v. Daniel Thomason, No. M2000-01164-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 917, at **12-13 (Tenn. Crim. App. July 11, 2001, at Nashville), 2001 Tenn. Crim. App. LEXIS 819 (Tenn. Crim. App. Oct. 15, 2001, at Nashville) (order denying petition to rehear), *corrected* 2001 Tenn. Crim. App. LEXIS 993 (Tenn. Crim. App. Nov. 27, 2001, at Nashville) (citations omitted), *perm. to app. denied "Not for Citation"* (Tenn. Apr. 1, 2002) (placing burden on defendant). Since Thomason was designated "Not for Citation" by our supreme court in its denial of permission to appeal, I cite it for the sole purpose of noting a split of authority. *See* Tenn. Sup. Ct. R. 4(F)(2).

Regardless of who has the burden of clarifying witness demonstrations, it is routinely done, in most records we review, by the examining counsel. It is simple enough for examining counsel to state, "Let the record show that the witness . . . ." Should there be any disagreement as to the accuracy of the statement, the trial court can resolve the disagreement on the record. In the absence of such a statement by either counsel, the trial court should *sua sponte* clarify the demonstration for the record. This court has no method of evaluating a demonstration in the absence of such a statement on the record. In short, there is no reason for this recurring problem, especially where the demonstration is crucial to the case. The most elementary principles of the examination of witnesses in a criminal case require such attention in order to properly preserve the record.

However, in this case, I believe the evidence is sufficient to support the conviction regardless of who has the burden of ensuring an adequate record for witness demonstrations. We view the evidence in a light most favorable to the state. During the second event in the living room, which was the event elected by the state, the defendant forced M.B.'s head between Mrs. Willcutt's legs telling the victim to "Smell it" and asked the victim to look at Mrs. Willcutt's "goochie." The defendant pushed M.B.'s head under Mrs. Willcutt's rather large stomach, and his forehead touched her. According to Mrs. Willcutt, the defendant held M.B.'s head down for several minutes. A jury could reasonably find the defendant forced M.B. to touch the clothing covering "the immediate area" of Mrs. Willcutt's intimate parts. *See* Tenn. Code Ann. § 39-13-501(2), (6). In addition, a jury could reasonably construe the defendant's actions as "being for the purpose of sexual arousal or gratification." *Id*. at (6). This evidence, in my view, is sufficient to support the conviction for aggravated sexual battery.

 

 

_____
JOE G. RILEY, JUDGE